ALLAN H. TAYLOR *et al.*

*v.*

EZEKIEL MORRISON.

TRESPASS—*justification under a writ.* In an action of trespass for carrying away personal property, if the defendant seeks to justify under a writ of replevin, he must show a valid writ issued by a court of competent jurisdiction, attested in the usual form, particularly describing the property taken, with sufficient certainty to identify it, or, in case the writ is lost or destroyed, its contents must be proved.

APPEAL from the Superior Court of Cook county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. JOHN LYLE KING, for the appellant.

Messrs. BRANDT & HOFFMAN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought in trespass, to recover the value of a lot of stone taken and carried away from the premises of plaintiff. On the trial, no effort was made to disprove plaintiff's title to the stone, but defendants claim it was taken by the sheriff under a writ of replevin in favor of MacMahon Burns against the goods and chattels of plaintiff, and the defense insisted on is, the immunity of the sheriff from an action of trespass, under the circumstances.

Whether the sheriff can justify, under a writ of replevin, the taking of goods specifically described, notwithstanding they may not be the property of defendant, is a question upon which there are but few authorities, and what there are, are quite conflicting. It will not be necessary, however, to pass upon this question in the decision of the present case. The record contains no evidence the defendants acted under any valid writ issued by any court of competent jurisdiction. It is proven the deputy sheriff, who directed the removal of the stone, claimed to be serving a writ of replevin at the suit of

Burns, against plaintiff, for the property taken, but from what court it was issued, and in what county, the evidence fails to show. He says he supposes, but does not distinctly remember, he returned the writ he had to the Superior Court, and that it was afterwards destroyed by fire. He does not state from what court it had been issued, nor does he state its contents. One witness says it was issued by Cleaves. No witness examined gives any description of the writ, or states its contents.

All that is proven is, that it was a writ of replevin for stone, in favor of Burns and against Morrison, but from what court, or whether sealed and attested by the proper officer, and for what particular property, is not proven. Under any view of the law, the sheriff and those acting with him, to make their justification complete, must show a valid writ, issued by a court of competent jurisdiction, attested in the usual form, particularly describing the property taken with sufficient certainty to identify it, or, in case the writ is lost or destroyed, its contents must be proven. This has not been done, and the question on which defendants rested their defense does not arise in the case. They took and carried away the property of plaintiff, and have shown no justification whatever. So far as this record discloses, it was an unwarrantable trespass, and all the jury had to do was, to assess plaintiff's damages for taking his property.

The only question in the case, as presented to this court, about which there could be any doubt, is, whether the evidence would justify a verdict of guilty as to Taylor. Although the evidence is not entirely satisfactory, yet it tends to support the verdict. Taylor had made a sale of the property under a chattel mortgage given by Moore & Gooding, who formerly occupied the premises then in possession of the plaintiff. But the evidence is conclusive the stone included in the mortgage had long before been removed by Moore & Gooding, or Gooding, by Taylor's consent, and he had received the money for which it had been sold. There is some testimony connecting Taylor with the taking and carrying away of plaintiff's property, and,

under all the facts and circumstances proven, we think justice has been done.

The judgment will be affirmed.

*Judgment affirmed.*